(Decided June 1st, 1860.)

# GEORGE H. WETTER *vs.* RICHARD S. HARDESTY.

If the form a transaction takes be given to it for the purpose of avoiding the statute against usury, when, in fact, it was a *loan* at an usurious rate of interest, it must be regarded as but a shift and device condemned by the law.

It matters not what may be the character of the instruments which evidence that of the transaction; its nature, if corrupt, may be shown by extrinsic evidence.

But a court cannot annul a contract *prima facie* a contract of *sale* and good, upon the mere conjecture of usury; the evidence establishing the usury must be full; something more direct and explicit than mere conjecture is needed.

APPEAL from the Equity side of the Superior Court of Baltimore City.

Appeal from an order of the court below (LEE, J.) dissolving an injunction which had been granted upon a bill filed on the 13th of November 1858, by the appellant against the appellee. The object of the bill, and its allegations and those of the answer, as well as the purport of the testimony taken in the case, are, so far as necessary to an understanding of the opinion of this court, sufficiently stated therein.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Daniel M. Thomas,* for the appellant, argued for a reversal of the order:

1st. Because the fraud and imposition practiced upon the appellant in the matter of Pratt's mortgage is sufficiently established, and the contract to that extent ought to be rescinded. 1 *Johns. Ch. Rep.,* 536, *Eagleson vs. Shotwell.* 1 *Brown's Ch. Rep.,* 149, *Barker vs. Vansommer.* 2 *Parsons on Cont.,* 387.

2nd. Because the appellee became possessed of the ground rents under a contract for a *loan,* not a sale, and the contract in this respect ought to be corrected, so as to make these ground rents stand as a security merely for the return of the money actually loaned with legal interest. 4 *Camp.,* 1, *Titford vs. Chambers.* 9 *Pet.,* 442 to 459, *Scott vs. Lloyd.* 3 *H. & J.,* 109, *Tyson vs. Rickard.* Act of 1704, ch. 69. 1 *Brown's Ch. Rep.,* 149, *Barker vs. Vansommer.*

3rd. That Ward's mortgage is so connected with the rest of the transaction as to be affected by the fraud and usury, and the appellee ought not to be allowed to get the benefit of that mortgage while he refuses to do equity in respect to the ground rents. 2 *Parsons on Cont.* 390. 9 *Pet.,* 460, *Scott vs. Lloyd.*

*Thos. S. Alexander* and *Cornelius McLean*, for the appellee, argued:

1st. That the whole transaction was a sale and exchange, and not a loan.

2nd. That the sale of the ground rents was made at the current sales of the market, and that they were not desirable investments even at those rates.

3rd. That as to Pratt's mortgage the denial in the answer as to Hardesty's agreement and representations, the proof of the examination of the property by Wetter, the fact that he was warned by Mr. Williams that he would not rely on Pratt, and that the warning was communicated to Hardesty himself, and the proved rate at which Hardesty had purchased, in the absence of any proof of weakness or necessity on the part of Wetter, show that transaction to be above suspicion, no matter what may be the value of the property.

4th. As to the cases in which usury has been inferred from the sales of property which turned out to be below the value at which they were taken, proof has always existed that one party was deceived by the other who had superior information; but that no case has ever, in the absence of some one or other of these features, and where each party had the same chance of investigation and knowledge, with equal wit, and not under the pressure of extreme necessity, gone so far as to charge fraud and usury upon a party who may have made a good bargain in favor of one who may have made a bad one.

*Note.*—The propositions on either side were sought to be sustained chiefly by comments upon the evidence, and a more extended report of the arguments is thought to be unnecessary.

Le Grand, C. J., delivered the opinion of this court:

This appeal is from an order of the Superior court of Baltimore city dissolving an injunction issued to restrain the appellee—who was defendant below—from proceeding to foreclose a mortgage and collect certain ground rents claimed to

be due him by the appellant. The bill of complaint asks, the reformation and correction of the contract under which the appellee became possessed of the mortgage and ground rents, so as to make all things conform to the allegations of the bill. The grounds on which the application is made are, that of *usury*, and that of fraudulent concealment and misrepresentation.

The answer of the defendant denies all usury and fraud.

. . The case made by the bill is in substance this:—the complainant being much in want of money to relieve him from a pressing demand, made application to the defendant for a *loan* of three thousand dollars. The purpose to which the money was to be applied was the payment of a mortgage of that amount, from himself and wife, to one Ward. That the proposition was declined by the defendant, except on the condition, that the amount of the proposed loan should be increased to twelve thousand dollars, and negotiable paper taken for a large proportion of such loan instead of cash; that after some negotiation, and finding that he could not effect a loan from the defendant on more favorable terms, he concluded with him, on or about the first of April 1857, an arrangement, whereby the defendant was to pay in full and take from Ward an assignment of his three thousand dollar mortgage, and give to the complainant, in cash, seventeen hundred dollars; a lot of ground in the city of Baltimore valued at one thousand dollars, to be taken as so much cash; negotiable paper of sundry persons, two thousand three hundred dollars, and the notes of a certain William Pratt, secured by mortgage, four thousand dollars, making a total of twelve thousand dollars. For three thousand of the amount Ward's assigned mortgage was to be the security, and for the residue of nine thousand dollars, with *ten per cent.* interest thereon, two ground rents were created, one for four hundred and the other for five hundred dollars per annum; that by the terms of an agreement between the parties, the defendant obligated himself, at any time within five years, on the payment to him of nine thousand dollars—he in the meantime receiving the annual rents of nine hundred dollars—to re-convey and as-

Wetter *vs.* Hardesty.

sign to the complainant, the property conveyed and assigned to him by the defendant, and on which the rents were imposed. The bill alleges, in regard to the notes of Pratt, (some of which had fallen due and remained unpaid,) that there was no likelihood of any of them being paid, and that the defendant had been applied to and requested to accept said notes as payment of the amounts then due to him by the complainant, but, that the defendant declined and refused to so receive them, insisting that the complainants took the notes at his own risk, as a loan of that much cash for which he is responsible to the defendant, although such notes should prove wholly worthless, and that the latter has threatened, and is about to foreclose, the mortgage to Ward assigned to him, and to enforce the payment of the ground rents.

The gist of the bill is, that the whole transaction is fraudulent, usurious and void, and that it ought to be cancelled and set aside, and the defendant should account for what he has received, and the complainant pay the amount; that until this be done, the proceedings of the defendant to enforce payment ought to be enjoined.

There ought not to be doubt as to the legal principles which should govern the decision of this case. If the form the transaction took was given to it for the purpose of avoiding the statute against usury, when, in point of fact, it was a *loan* at an usurious rate of interest, it must be regarded as but a shift and device, condemned by the law. It matters not what may be the character of the instruments which evidence that of the transaction, its true nature, if corrupt, may be shown by extrinsic evidence. *Scott vs. Lloyd*, 9 *Peters*, 418, where the principal cases on the subject are fully and clearly examined by Chief Justice Marshall.

This being so, the inquiry is, was the transaction, so far as it relates to the ground rents, one of *loan* or a *bona fide* sale and lease? This can only be answered by the evidence. So far as the face of the papers show anything, there is nothing to invalidate the transaction, and if, therefore, there be anything in the case which does so, it must be found in the parol proof.

A careful examination of the evidence has failed to demonstrate to our satisfaction, that the transaction was an usurious contract for the loan of money and securities. Although there are circumstances developed in the evidence which might reasonably enough justify a suspicion that the real character of the transaction was that imputed to it by the bill of complaint; nevertheless, a court of justice ought not to feel itself authorized to *annul* a contract *prima facie* good, upon mere conjecture; something more direct and explicit is needed for such a decree. In this case, we think, there is a want of that fulness of proof which is essential to the relief sought by the complainant.

In addition to the positive denial of the defendant of the allegations of frauds and usury preferred against him, it is shown by the evidence of the witness Brooke and the witness Williams, that the transaction, so far as the ground rents were concerned, was understood, by both parties to it, to be a sale and not a loan, and also, that the mortgaged premises of Dr. Pratt were examined by the complainant, and finally deemed by him sufficient security. The testimony of both Brooke and Hammond shows that the ground rents were taken at rates which were equal to those for which others in the neighborhood, and of similar character, were sold. And, although there is evidence to show that the property of Dr. Pratt was far below, in value, what it was represented to be by the defendant, there is, on the other hand, testimony to prove it to be worth a much larger sum. To say the least of it, the value of the property is left in doubt by the conflicting estimates of the different witnesses who testified in regard to it. Taken all together—however disastrous to the expectations of the complainant the property proved to be—it is entirely too inconclusive and unsatisfactory to justify the impeachment of the integrity and truthfulness of the defendant. Something stronger than it is necessary to place upon him the brand of infamy. Looking to the whole case, as it has been exposed to our view, we are forced to the conclusion, that it is but another instance, added to the thousands which had preceded it, of venture resulting in the disappointment

of the hopes of him who made it; a case to be regretted, but not one to be altered by the ascription of fraud and deceit to the other party. Entertaining these views, we affirm the order dissolving the injunction.

*Order affirmed, with costs.*

(Decided June 1st, 1860.)